IN THE UNITED STATES DISTRIC COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) Case No: 6:12-cv-03236-REL |
| KANAKUK HERITAGE, INC., f/k/a KANAKUK KAMPS, INC., K-KAMPS, INC., a Missouri Corporation KANAKUK MINISTRIES, a Missouri And JOHN DOE, J.G., a California citizen | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ANSWER OF DEFENDANT JOHN DOE, J.G., TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Comes Now Defendant John Doe, J.G. (Hereinafter referred to as "Defendant Doe"), by and through counsel, and for Answer to Plaintiff's Complaint for Declaratory Judgment (herein after "Plaintiff's Complaint"), states as follows:

**SPECIFIC ANSWERS:**

1. Defendant Doe is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Admitted

3. Defendant Doe is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant Doe is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Admitted

## JURISDICTION AND VENUE

6. Admitted

7. Defendant Doe is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## THE GREAT AMERICAN POLICY

8. Admitted

9. Defendant Doe is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

11. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

12. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

13. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

14. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

15. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

16. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

17. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

18. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

19. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

20. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

21. Admitted, assuming the representation to be true that Exhibit A, G000110-000151, is the CGL Part relevant to the issues of this case.

## FACTUAL BACKGROUND

22. Admitted

23. Admitted

24. Admitted

25. Denied as characterized by the Plaintiff who omitted reference to the **"winter trail"** activities which are part of the business of the "Camp" operated by KANAKUK HERITAGE, INC.,f/k/a KANAKUK KAMPS, INC., K-KAMPS, INC. and KANAKUK MINISTRIES (hereinafter the "Kanakuk parties") when the Camp was not in session and Defendant Doe sets forth below what the Underlying Lawsuit actually says on this subject:

> 13. Kanakuk developed and maintained its "winter trail" policy, which included both formal and informal trips by Kanakuk employees in the off-season to local communities for the purpose of marketing Kanakuk. In order to save travel expense money, Kanakuk employees, including Peter Daniel Newman, were permitted and encouraged to make travel and lodging arrangements with campers' families which would include alone time with children, which gave Peter Daniel Newman the opportunity to sleep in the same room with children.
> 14. Through Kanakuk's "winter trail" process, Peter Daniel Newman made contact with families in the Little Rock, Arkansas area. Following Kanakuk's policies, Newman asked for and received lodging in the homes of campers. Newman used his role as a Christian role model and "rainmaker" for Kanakuk to make his way into the homes of his victims.
> 15. Plaintiff, John Doe J.G., was 12 years old and in the 7th grade when Peter Daniel Newman, while acting in his capacity as a representative of Kanakuk, introduced him to Newman's concept of sexual "purity."
> 16. On or about February 7, 2003, Peter Daniel Newman sexually abused 12 year old John Doe J.G. for the first time by convincing John Doe J.G. to engage in masturbation with him.
> 17. Peter Daniel Newman used his unrestricted access to the Kanakuk camp facilities to lure his victims, including John Doe J.G., to the camp during the off-season.
> 18. On or about February 8, 2003, Peter Daniel Newman sexually abused John Doe J.G. at K-Kountry, in Taney County Missouri, in an area known as "the pit," a foam pit next to the gymnastics equipment in the gym.

26. Admitted

27. Admitted

28. Admitted

29. Defendant Doe admits that there were six sexual incidents alleged in the Underlying Lawsuit and that the first incident occurred is alleged to have occurred on February 2, 2003 in Little Rock, Arkansas at John Doe's home. Defendant denies that Newman was only in Little Rock at the time to attend a Kenny Chesney concert.

30. Defendant Doe admits that the second incident occurred the day following the First Incident in Little Rock and that it occurred on the premises of the Kanakuk parties, specifically at the K-Kamp location in the gym in the area known as the "pit". The term "camp session" is not defined and is vague without definition. Defendant denies the remaining allegation of paragraph 30 and objects to any inclusion of the term "camp session" being included in the definition of the "Second Incident". When Defendant Doe uses the term "Second Event" it is referencing the incident which occurred the day following the First Incident at the K-Kamp location in the gym in the area known as the "pit".

31. Defendant Doe denies the allegations of this paragraph as plead. Defendant Doe admits that an incident occurred in the Spring of 2004 in Memphis Tennessee but the 2004 event was the fourth molestation incident and not the third.
 The Third event occurred during the "summer camp season of 2003" when "Peter Daniel Newman engaged in further sexual misconduct with John Doe J.G. and other campers, using his yellow Jeep as a lure to entice individual campers…" When Defendant Doe uses the term "Third Event" it is referencing the incident which occurred in the summer during camp season at K-West involving the yellow jeep. The term "camp session" is not defined and as such is ambiguous. Defendant Doe also states whether campers were scheduled to be on the premises of the Kanakuk parties at the time of the Third Event is irrelevant as the Kanakuk parties were still conducting the business of the Camp whether in the form of administrative duty, maintenance, or promotion of Kanakuk by sending its employees out to talk to prospective and current Kampers at Kanakuk, including the active visits on the "winter trail".

32, Defendant Doe denies the allegations of this paragraph as plead. Defendant Doe admits that a fourth incident occurred but in the Spring of 2004 in Memphis Tennessee. When Defendant Doe uses the term "Fourth Event" it is referencing the incident which occurred in the Spring of 2004 in Memphis Tennessee. The term "camp session" is not defined and as such is ambiguous. Plaintiff also states whether campers were scheduled to be on the premises of the Kanakuk parties at the time of the Four Event is irrelevant as the Kanakuk parties were still conducting the business of the Camp whether in the form of administrative duty, maintenance, or

promotion of Kanakuk by sending its employees out to talk to prospective and current Kampers at Kanakuk, including the active visits on the "winter trail".

33.     Defendant Doe admits that a Fifth Incident occurred in the Fall of 2004 in Oklahoma, but denies that Kanakuk was not holding a camp session at the time.  The term "camp session" is not defined and as such is ambiguous.  Defendant  also states whether campers were scheduled to be on the premises of the Kanakuk parties at the time of the Fifth Incident is irrelevant as the Kanakuk parties were still conducting the business of the Camp whether in the form of administrative duty, maintenance, or promotion of Kanakuk by sending its employees out to talk to prospective and current Kampers at Kanakuk, including the active visits on the "winter trail".

34.     Defendant Doe admits that a Sixth Incident occurred on the telephone sometime after the Fall event to 2004 while John Dow was at his home in Little Rock, Arkansas.

35.     Defendant Doe is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant Doe is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 36 of Plaintiff's Complaint.

### COUNT I: Acts Outside Coverage Period

37.     Defendant Doe restates his Answer to paragraphs 1 through 36 herein by reference.

38.     Defendant Doe is without sufficient knowledge and information to form an opinion as to the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Admitted

40.     Denied

41. Denied

## COUNT II: Acts Not Arising Out of Camp Business

42. Defendant Doe restates his Answer to paragraphs 1 through 41 herein by reference.

43. Denied

44. Denied

45. Admitted

46. Denied

47. Denied

48. Denied

49. Denied

50. Denied

51. Denied

## COUNT III: Acts Not Within Course and Scope of Employment as a Camp

52. Defendant Doe restates his Answer to paragraphs 1 through 51 herein by reference.

53. Denied

54. Denied

55. Admitted

56. Denied

57. Denied

58. Denied

59. Denied

60. Denied

61. Denied

### COUNT IV: Punitive Damages Not Covered

62. Defendant Doe restates his Answer to paragraphs 1 through 61 herein by reference.

63. Admitted

64. Admitted

65. Denied

66. Denied

**GENERAL ANSWER:**

1. The policy language asserted by the Plaintiff is ambiguous.
2. Plaintiff is estopped to assert any denial or limitation of coverage not contained in its reservation of rights letter to its insureds.
3. The interpretation of the policy coverage provisions and exclusions asserted by the Plaintiff in this lawsuit fails to meet the reasonable expectations of it insureds.
4. As to each allegation specifically denied above, the Defendant Doe demands strict proof thereof from the Plaintiff.

### RESPONSE TO
### RELIEF REQUESTED IN ALL COUNTS BY PLAINTIFF

a. Agree

b. Disagree. Defendant Doe prays that this Court declare that Great American does have an obligation under the policy to defend and indemnify Kanakuk Heritage, Inc., f/k/a Kanakuk Kamps, Inc. and/or Kanakuk Ministries in connection with the Underlying Lawsuit and any judgments that may be rendered in the Underlying Lawsuit including any costs or fees associated with appeal of that action or any subsequent judicial or administrative process arising from the Underlying Lawsuit.

c. Disagree. Defendant Doe prays that this Court declare that Great American does have an obligation to Kanakuk Heritage, Inc., f/k/a Kanakuk Kamps, Inc. and/or Kanakuk Ministries under the provisions of the policy.

d. Disagree. Defendant Doe prays that this Court declare that Great American does have an obligation to other defendants including Defendant Doe in connection with the Underlying Lawsuit, including any judgment thereon.

e. Disagree. Deny Great American recovery of its cost and disbursements incurred in connection with this action and instead, award the Defendants their costs and expenses associated with defending this action brought by the Plaintiff.

f. Disagree. Defendant Doe prays for such other relief as he may be entitled to in this matter.

Respectfully submitted,

**/s/ Michael Merrell**
Michael Merrell
PO Box 1036
Forsyth, MO 65653
Phone: 417-546-6281

Email: michael.merrell@gmail.com
One of the Attorneys for John Doe, J.G.

**OF COUNSEL:**

CORY, WATSON, CROWER & DEGAIS, P.C.
G. Rick DiGiorgio (To be admitted Pro Hac Vice)
Jason Shamblin (To be admitted Pro Hac Vice)
2131 Magnolia Ave.
Birmingham, AL 35205
Phone: 205-328-2200
Fax: 205-324-7896
Email: rdigiorgio@cwcd.com
Email: jshamblin@cwcd.com

ATTORNEYS FOR THE DEFENDANT JOHN DOE, J.G.

CERTIFICATE OF SERVICE

I do hereby certify that on this the 1st of October, 2012, I served a copy of the foregoing, by placing the same in the U. S. Mail, first-class postage affixed, addressed to the following:

Vincent F. O'Flaherty
Law Offices of Vincent F. O'Flaherty,
Attorney, LLC
2 Emanuel Cleaver II Blvd, Suite 445
Kansas City, MO 64112

Virginia Fry
901 St. Louis Street, Suite 1800
Springfield, MO 65806

**/s/ Michael Merrell**_____
Michael Merrell