IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN ASSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:12-cv-03236-RED |
| KANAKUK HERITAGE, INC., f/k/a KANAKUK KAMPS, INC., et al. | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendants Kanakuk Heritage, Inc. f/k/a Kanakuk Kamps, Inc., K-Kamps, Inc., and Kanakuk Ministries, (collectively hereinafter referred to as "Defendants"), by and through undersigned counsel, state as follows for their Answer to Plaintiff Great American Assurance Company's (hereinafter referred to as "Plaintiff" or "Great American") Complaint for Declaratory Judgment:

1. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 do not contain factual allegations, but instead contain legal conclusions which do not require Defendants' response.

7. The allegations in paragraph 7 do not contain factual allegations, but instead contain legal conclusions which do not require Defendants' response.

## THE GREAT AMERICAN POLICY

8. Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants state that the Policy referenced in paragraph 10 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

11. Defendants state that the Policy referenced in paragraph 11 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

12. Defendants state that the Policy referenced in paragraph 12 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

13. Defendants state that the Policy referenced in paragraph 13 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

14. Defendants state that the Policy referenced in paragraph 14 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

15. Defendants state that the Policy referenced in paragraph 15 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

16. Defendants state that the Policy referenced in paragraph 16 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

17. Defendants state that the Policy referenced in paragraph 17 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

18. Defendants state that the Policy referenced in paragraph 18 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

19. Defendants state that the Policy referenced in paragraph 19 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

20. Defendants state that the Policy referenced in paragraph 20 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

21. Defendants state that the Policy referenced in paragraph 21 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

22. Defendants admit the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. In response to paragraph 23 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.

24. In response to paragraph 24 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.

25. In response to paragraph 25 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.

26. In response to paragraph 26 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.

27. In response to paragraph 27 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the

allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.

28. In response to paragraph 28 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.

29. In response to paragraph 29 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition. Defendants further deny, for lack of sufficient knowledge or information, any remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30. In response to paragraph 30 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition. Defendants further state that the phrase "camp session" is vague, ambiguous, and undefined and, therefore, deny any allegations regarding said phrase. Defendants further deny, for lack of sufficient knowledge or information, any remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31. In response to paragraph 31 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any

allegations in the underlying lawsuit that are not expressly stated in the Petition.  Defendants further state that the phrase "camp session" is vague, ambiguous, and undefined and, therefore, deny any allegations regarding said phrase.  Defendants further deny, for lack of sufficient knowledge or information, any remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32. In response to paragraph 32 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit.  Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.  Defendants further state that the phrase "camp session" is vague, ambiguous, and undefined and, therefore, deny any allegations regarding said phrase.  Defendants further deny, for lack of sufficient knowledge or information, any remaining allegations contained in paragraph 32 of Plaintiff's Complaint.

33. In response to paragraph 33 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit.  Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.  Defendants further state that the phrase "camp session" is vague, ambiguous, and undefined and, therefore, deny any allegations regarding said phrase.  Defendants further deny, for lack of sufficient knowledge or information, any remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34. In response to paragraph 34 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the

allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition. Defendants further deny, for lack of sufficient knowledge or information, any remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendants admit they provided Great American with timely and sufficient notice of the occurrence/claim stated in the Petition in late March, 2009.

36. In response to paragraph 36 of the Complaint, Defendants admit Great American accepted coverage of the claim in 2009, Great American has participated in settlement negotiations since 2009, and Great American has assumed the defense for Defendants in the underlying lawsuit. Defendants expressly deny Great American participated in settlement negotiations and/or defended the underlying lawsuit under a reservation of rights at any time prior to March 16, 2012. Defendants further state that Great American clearly and unequivocally waived any right to defend this matter under a reservation of rights by participating in settlement negotiations and assuming the right to defend the underlying lawsuit without a reservation of rights for approximately three (3) years. Defendants further state that they relied on Great American's acts of participating in settlement negotiations and assuming their right to control the defense of the underlying suit to Defendants' detriment, Defendants have been precluded from undertaking their own defense and from attempting to negotiate amicable settlement at the early stages of the notification of the claims, and Great American should, therefore, be estopped and precluded from denying coverage of the underlying claims.

## COUNT I: Acts Outside Coverage Period

37. Defendants hereby reallege and incorporate herein their answers to ¶¶ 1-36 of Plaintiff's Complaint.

38. Defendants state that the Policy referenced in paragraph 38 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

39. In response to paragraph 39 of the Complaint, Defendants state the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence of the allegations in the underlying lawsuit. Defendants, therefore, deny the existence of any allegations in the underlying lawsuit that are not expressly stated in the Petition.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

## COUNT II: Acts Not Arising Out of Camp Business

42. Defendants hereby reallege and incorporate herein their answers to ¶¶ 1-41 of Plaintiff's Complaint.

43. Defendants state that the Policy referenced in paragraph 43 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

44. Defendants state that the Policy referenced in paragraph 44 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

45. Defendants state that the Policy referenced in paragraph 45 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

46. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

### **COUNT III: Acts Not Within Course and Scope of Employment as a Camp**

52. Defendants hereby reallege and incorporate herein their answers to ¶¶ 1-51 of Plaintiff's Complaint.

53. Defendants state that the Policy referenced in paragraph 53 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

54. Defendants state that the Policy referenced in paragraph 54 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

55. Defendants state that the Policy referenced in paragraph 55 speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

56. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendants deny, for lack of sufficient knowledge or information, the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendants deny, for lack of sufficient knowledge or information, the allegations regarding sexual misconduct contained in paragraph 60 of Plaintiff's Complaint. Defendants expressly deny that the claims in the underlying lawsuit are not covered by Great American's Policy referenced in paragraph 9.

61. Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

## COUNT IV: Punitive Damages Not Covered

62. Defendants hereby reallege and incorporate herein their answers to ¶¶ 1-61 of Plaintiff's Complaint.

63. Defendants admits the Petition referenced in paragraph 22 is a document which speaks for itself and is the best evidence thereof and, therefore, denies all allegations not expressly stated in the Petition.

64. Defendants admit the Policy referenced in paragraph 64 is a document which speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

65. Defendants admit the Policy referenced in paragraph 65 is a document which speaks for itself and is the best evidence thereof and, therefore, denies all allegations that contradict the terms of said Policy.

66. Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Defendants deny any allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

68. Great American's complaint should be dismissed for failure to state a claim upon which relief can be granted.

69. Great American's complaint is barred by the doctrine of laches.

70. Great American's complaint is barred by the doctrines of estoppel, acceptance, and/or waiver.

71. Great American's complaint should be dismissed because Great American has waived any right it may have had to file this action and/or deny coverage for the claims asserted in the underlying lawsuit by exclusively undertaking, conducting, and maintaining the settlement negotiations and defense of the claims asserted in the underlying lawsuit for approximately three (3) years without a non-waiver or reservation of rights agreement. Safeco Insurance Co. of America v. Stone & Sons, Inc., 822 S.W.2d 565, 569 (Mo. Ct. App. E.D. 1992).

72. Great American's complaint should be dismissed and Great American should be precluded and estopped from denying coverage for the claims asserted in the underlying lawsuit

because Great American undertook, conducted, and maintained the exclusive right to settle and defend the claims asserted in the underlying lawsuit with knowledge of the facts Great American now asserts preclude coverage for approximately three (3) years without a non-waiver or reservation of rights agreement, and thereby precluded Defendants from undertaking their own defense and from attempting to negotiate amicable settlement at the early stages of the notification of the claims. Mistele v. Ogle, 293 S.W.2d 330 (Mo. 1956).

73. Great American's Policy, and the language included therein, is vague and ambiguous and must be construed against Great American.

74. Great Americans' proposed interpretation of the policy coverage provisions and exclusions fails to meet the reasonable expectation of its insureds.

75. Great American's complaint should be dismissed for failure to join necessary parties, including other carriers, whose interests may be materially and adversely affected by this lawsuit.

76. The matters at issue in Great American's complaint, including Great American's duty to indemnify Defendants cannot be resolved until the matters at issue in the underlying lawsuit are resolved. Therefore this matter should be stayed, in whole or in part, until the issues in the underlying lawsuit are resolved.

77. The same factual issues are at dispute in the underlying lawsuit and this matter, and this matter should therefore be stayed, in whole or in part, in order to avoid the risk of inconsistent verdicts.

78. Great American is obligated and liable to defend and indemnify Defendants for all alleged incidents of abuse pursuant to the first encounter theory. May v. Maryland Cas. Corp., 792 F.Supp. 63, 65 (E.D. Mo. 1992).

79. Great American's claims are barred for failure to provide the requisite and proper notice to Defendants.

80. Great American's Complaint fails to consider and improperly omits relevant allegations in the Petition regarding Defendants' "winter trial" and other activities included in ¶¶ 13-17 of the Petition.

81. Great American's complaint should be dismissed as principles of respondeat superior are inapplicable to preclude acts of sexual misconduct as covered under the Great American Policy of Insurance. The Policy does not require the alleged sexual misconduct to have been committed in the "course and scope of employment." McAuliffe v. Northern Ins. Co. of N.Y. 69 F. 3d 277 (8th Cir. 1995).

82. Great American's complaint should be dismissed as coverage exists in the policy outside the provisions of the Sexual Abuse Endorsement, because the underlying claims involve claims for Negligent Supervision of a Minor, triggering coverage.

83. Defendants reserve the right to assert additional affirmative defenses as they become known to Defendants.

## RELIEF REQUESTED IN ALL COUNTS

WHEREFORE, having fully answered Plaintiff's Complaint, and all Counts therein, Defendants respectfully request that this Court deny all relief requested by Plaintiff, dismiss Plaintiff's Complaint with prejudice, and grant Defendants any and all other relief which this Court deems just and proper.

**HUSCH BLACKWELL LLP**

　/s/ Virginia L. Fry
Virginia L. Fry　　　　　Mo Bar #28895
Amber Steinbeck　　　　Mo Bar #51511
Wade M. Early　　　　　Mo Bar #59766
901 St. Louis Street, Suite 1800
Springfield, MO 65806
Telephone:  (417) 268-4000
Facsimile:  (417) 268-4040
E-mail:  virginia.fry@huschblackwell.com
　　　　amber.steinbeck@huschblackwell
　　　　wade.early@huschblackwell.com
*Attorneys for Defendants Kanakuk Heritage, Inc., f/k/a Kanakuk Kamps, Inc., K-Kamps, Inc. and Kanakuk Ministries*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing of was forwarded on October 1, 2012, by ( X ) electronically filed with the Clerk of the Court using the CM/ECF system, (  ) Hand Delivery, (  ) First-Class Mail, Postage Prepaid, or (  ) Facsimile, to:

G. Rick DiGiorgio
Jason Shamblin
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone:  (205) 328-2200
Facsimile:  (2015) 324-7896
E-mail:  rdigiorgio@cwcd.com

Michael E Merrell
Merrell Law Firm PC
P.O. Box 1036
Forsyth, MO 65653
(417) 546-6281
Fax: (417) 546-6229
Email: michael.merrell@gmail.com

*Attorneys for Defendant John Doe, J.G.*

Vincent F. O'Flaherty
Law Offices of Vincent F. O'Flaherty, Attorney, LLC
2 Emanuel Cleaver II Blvd, Suite 445
Kansas City, MO 64112
Telephone:  (816) 931-4800
Facsimile:  (816) 756-2168
E-mail:  voflaherty@voflaw.com
*Attorney for Plaintiff Great American Assurance Company*

 

*/s/ Virginia L. Fry*
Attorney

SPH-2072602-2                                    15
Case 6:12-cv-03236-RED   Document 11   Filed 10/01/12   Page 15 of 15