IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN ASSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:12-cv-03236-RED |
| KANAKUK HERITAGE, INC., f/k/a KANAKUK KAMPS, INC., et al. | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

## KANAKUK HERITAGE, INC. F/K/A KANAKUK KAMPS, INC., K-KAMPS, INC., AND KANAKUK MINISTRIES' COUNTERCLAIMS AGAINST GREAT AMERICAN INSURANCE COMPANY

Defendants and Counterclaimants Kanakuk Heritage, Inc. f/k/a Kanakuk Kamps, Inc., K-Kamps, Inc., and Kanakuk Ministries, (collectively hereinafter referred to as the "Kanakuk Defendants"), by and through undersigned counsel, state as follows for their Counterclaims against Plaintiff and Counterclaim Defendant Great American Assurance Company (hereinafter referred to as "Plaintiff" or "Great American"):

### Jurisdiction and Venue

1. Kanakuk Heritage, Inc. f/k/a Kanakuk Kamps, Inc. is a Missouri Corporation with its principle place of business in Taney County, Missouri.

2. K-Kamps, Inc. is a terminated Missouri corporation that had a principle place of business in Taney County, Missouri.

3. Kanakuk Ministries is a Missouri not for profit corporation with its principle place of business in Taney County, Missouri.

SPH-2079599-1

4. Great American Assurance Company is an Ohio corporation with its principle place of business in Cincinnati, Ohio.

5. On or about May 3, 2012, Great American filed a Complaint for Declaratory Judgment in this Court involving claims asserted against the Kanakuk Defendants by John Doe, J.G. (the JG Claims") which claims have now been asserted in a lawsuit filed against the Kanakuk Defendants in the Circuit Court of Taney County, Missouri, Case No. 11AFCC089, styled <u>John Doe, JG v. K-Kamp, Inc, d/b/a Kanakuk Kamps, Inc., et al.</u> (the "Underlying Lawsuit").

6. A copy of the petition filed in the Underlying Lawsuit is attached to Great American's Complaint for Declaratory Judgment as Exhibit B.

7. The actions asserted in the Underlying Lawsuit allegedly occurred, in whole or in part, between April 1, 2002 and April 1, 2003, the policy period for Great American's policy No. PAC0000563064601 (the "Policy").

8. A copy of the Policy is attached to Great American's Complaint for Declaratory Judgment as Exhibit A and is incorporated herein by reference.

9. The Kanakuk Defendants' Counterclaims against Great American arise out of the Policy and claims that are the subject matter of Great American's Complaint for Declaratory Judgment.

10. Jurisdiction and Venue are proper in this Court.

## Factual Allegations

11. Great American issued the Policy to the Kanakuk Defendants.

12. The Policy includes a CGL Part which provides a per occurrence limit of $1,000,000.00 and an aggregate policy limit of $2,000,000.00 for the Policy.

13. The Policy also includes a Sexual Abuse Endorsement which provides a limit of $1,000,000.00 per person and a $2,000,000.00 aggregate limit for claims of sexual abuse, sexual molestation, sexual exploitation, or sexual injury, regardless of the number of incidents involving a person.

14. Great American has not paid the limits of the Policy.

15. In March 2009, the Kanakuk Defendants were made aware of the JG Claims.

16. In March 2009, the Kanakuk Defendants notified Great American of the JG Claims.

17. Great American did not notify the Kanakuk Defendants that it intended to deny coverage for the JG Claims or provide coverage for the JG Claims under a reservation of rights at any time prior to March 16, 2012.

18. Great American did not notify the Kanakuk Defendants that the JG Claims, or any of them, may not be covered under the Policy at any time prior to March 16, 2012.

19. Great American assumed control over negotiations, settlement, and any legal proceedings for the JG Claims from March 2009, to present.

20. Great American retained K & K Insurance Group, Inc. to supervise, handle and control the negotiations, settlement, and legal proceedings on behalf of Great American for the JG Claims.

21. In March 2009, Doug Hamm and Paula Creel with K & K Insurance Group, on behalf of Great American, had notice of the JG Claims.

22. By or before April 2009, Great American retained the law firm of Franke, Schultz, & Mullen, P.C. to further handle and control the negotiations, settlement, and legal proceedings for the JG Claims on behalf of Great American's insureds, the Kanakuk Defendants.

23. On or about July 23, 2009, Great American on behalf of its insureds, the Kanakuk Defendants, participated in, handled, and controlled a mediation for the JG Claims.

24. After July 23, 2009, Great American on behalf of its insureds, the Kanakuk Defendants, handled and controlled settlement negotiations for the JG Claims.

25. By or before July 23, 2009, Great American knew or could have known through a reasonable investigation that the first incident asserted by John Doe, J.G., allegedly took place at his home in Arkansas.

26. From and after March 2009, Great American knew or could have known through a reasonable investigation the dates in which the Kanakuk Defendants held on-property camp sessions.

27. At all times relevant hereto, Great American knew or could have known through a reasonable investigation the language and terms contained in the Policy.

28. By or before July 23, 2009, Great American knew or could have known through a reasonable investigation that the JG Claims had the potential to exceed the Policy limits.

29. Great American has accepted coverage under the Policy and settled another claim that did not occur on the Kanakuk Defendants' property or while the Kanakuk Defendants were holding on-property camp sessions.

30. On January 31, 2011, John Doe, J.G., filed the Underlying Lawsuit.

31. On or before January 9, 2012, Glenn Ison on behalf of Great American and its insureds, the Kanakuk Defendants, assumed and took control of the Underlying Lawsuit, including directing and handling negotiations, settlement, and legal proceeding for the JG Claims.

32. In September, 2012, Glenn Ison on behalf of Great American and its insureds, the Kanakuk Defendants, attended, handled, controlled, and directed a mediation for the JG Claims.

33. After September 2012, Great American on behalf of its insureds, the Kanakuk Defendants, handled and controlled settlement negotiations for the JG Claims.

34. At all times material herein, Glenn Ison on behalf of Great American represented that he was protecting the interests of the Kanakuk Defendants and handling the JG Claims pursuant to the Policy.

35. Based on Glenn Ison's representations, the Kanakuk Defendants had direct contact, shared private and confidential information regarding the JG Claims, and communicated with Glenn Ison.

36. Glenn Ison on behalf of Great American also had direct contact with the attorneys at Franke, Schultz, and Mullen, P.C. regarding the JG Claims and received and reviewed documents relating to the JG Claims and the Underlying Lawsuit.

37. Glenn Ison on behalf of Great American also had direct contact with K & K Insurance Group, Inc. regarding the JG Claims and received and reviewed document relating to the JG Claims and the Underlying Lawsuit.

38. Upon information and belief, Glenn Ison on behalf of Great American was handling and controlling Great American's legal proceedings for its Complaint for Declaratory Judgment against the Kanakuk Defendants while he represented to the Kanakuk Defendants that he was protecting their interests regarding the JG Claims.

39. Upon information and belief, Glenn Ison on behalf of Great American was handling and controlling Great American's legal proceedings for its Complaint for Declaratory Judgment against the Kanakuk Defendants while he attended, handled, and controlled the

SPH-2079599-1  5
Case 6:12-cv-03236-RED   Document 30   Filed 01/18/13   Page 5 of 15

September 2012 mediation of the JG Claims on behalf of Great American's and its insureds, the Kanakuk Defendants.

40. Upon information and belief, Glenn Ison on behalf of Great American is handling and controlling Great American's legal proceedings for its Complaint for Declaratory Judgment against the Kanakuk Defendants.

41. At the September 2012 mediation, Glenn Ison on behalf of Great American asked the Kanakuk Defendants to contribute to the settlement of the JG Claims and attempted to use the Complaint for Declaratory Judgment as leverage to compel the Kanakuk Defendants to contribute to settlement of the JG Claims and the Underlying Lawsuit.

42. Great American has and continues to use against the Kanakuk Defendants the knowledge and information received by their representative, Glenn Ison, regarding the JG Claims and the Underlying Lawsuit.

43. After the failed September 2012 mediation, the Kanakuk Defendants were notified that Great American did not intend to continue settlement negotiations.

44. The Kanakuk Defendants relied on Great American's representations and conduct regarding assuming control, handling, defending, and indemnifying the Kanakuk Defendants regarding the JG Claims.

45. John Doe, J.G., has offered to settle his claims within the Policy limits.

46. The Kanakuk Defendants have demanded that Great American settle the JG Claims within the Policy limits.

47. However, Great American has refused to settle the JG Claims within the Policy limits.

48. Great American's refusal to settle is in bad faith.

49. Great American has intentionally and recklessly disregarded the financial interests of the Kanakuk Defendants.

50. Great American has considered its own interest over the interests of the Kanakuk Defendants.

51. Great American has improperly investigated the JG Claims and/or failed to maintain adequate investigative procedures.

52. Great American has improperly evaluated the JG Claims and the Underlying Lawsuit.

53. Great American has deliberately made misrepresentations to avoid paying the JG Claims and the Underlying Lawsuit.

54. Great American has deliberately misrepresented its investigation records and the JG Claims to avoid resolving the Underlying Lawsuit.

55. Great American has unreasonably delayed resolving the JG Claims and the Underlying Lawsuit.

56. Great American attempted to compel the Kanakuk Defendants to contribute to settlement of the JG Claims and the Underlying Lawsuit when John Doe, J.G, had offered to settle within the Policy limits.

57. As a direct and proximate result of Great Americans' intentional, reckless, negligent, and bad faith actions and representations, the Kanakuk Defendants have been prevented from and lost the opportunity to settle and resolve the claims asserted by John Doe, J.G.,before litigation was filed, and/or for a reasonable amount and within the Policy limits.

58. As a direct and proximate result of Great American's intentional, reckless, and negligent conduct, the Kanakuk Defendants are exposed to a risk that exceeds the Policy limits.

## COUNT I: BAD FAITH REFUSAL TO SETTLE

59. The Kanakuk Defendants hereby reallege and incorporate herein their allegations contained in ¶¶ 1-58.

60. Great American has assumed control over the negotiations, settlement, and legal proceedings regarding the JG Claims and Underlying Lawsuit.

61. John Doe, J.G., has offered to settle his claims against the Kanakuk Defendants within the Policy limits.

62. The Kanakuk Defendants have demanded that Great American settle the JG Claims and Underlying Lawsuit within the Policy limits.

63. Great American has refused to settle the JG Claims and the Underlying Lawsuit within the Policy limits.

64. Great American's refusal to settle is in bad faith.

65. Great American has intentionally and recklessly disregarded the financial interests of the Kanakuk Defendants.

66. Great American has considered its own interest over the interests of the Kanakuk Defendants.

67. Great American has improperly investigated the JG Claims and/or failed to maintain adequate investigative procedures.

68. Great American has improperly evaluated the JG Claims and the Underlying Lawsuit.

69. Great American has deliberately made misrepresentations to avoid paying the JG Claim.

70. Great American has, to avoid payment, deliberately misrepresented its investigation records and the JG Claims.

71. Great American has unreasonably delayed resolving the JG Claims.

72. Great American attempted to compel the Kanakuk Defendants to contribute to settlement of the JG Claims in the underlying lawsuit when John Doe, J.G, had offered to settle his claims within the Policy Limits.

73. Great American acted in bad faith when it failed to resolve the JG Claims and the Underlying Lawsuit and, therefore, exposed the Kanakuk Defendants to a risk that exceeds the Policy Limits.

**WHEREFORE** the Kanakuk Defendants respectfully request this Court to enter Judgment in favor of the Kanakuk Defendants and against Great American in an amount in excess of $75,000.00, to be determined at trial, and including any and all amounts the Kanakuk Defendants may be held liable for in the Underlying Lawsuit, attorneys' fees, and punitive damages, and for such other relief as this Court deems just.

## COUNT II: BREACH OF FIDUCIARY DUTY

74. The Kanakuk Defendants hereby reallege and incorporate herein their allegations contained in ¶¶ 1-73.

75. Great American issued the Policy to the Kanakuk Defendants.

76. Great American assumed the control of the negotiations, settlement, and legal proceedings for the JG Claims.

77. Great American assumed the control of the negotiations, settlement, and legal proceedings in the Underlying Lawsuit.

78. A fiduciary relationship exists between Great American and the Kanakuk Defendants.

79. Great American owed the Kanakuk Defendants fiduciary duties, including without limitation, loyalty, the highest standard of care, good faith, and no self-dealing.

80. Great American breached the duties owed to the Kanakuk Defendants.

81. Great American has intentionally and recklessly disregarded the financial interests of the Kanakuk Defendants.

82. Great American has considered its own interest over the interests of the Kanakuk Defendants.

83. Great American has improperly investigated the JG Claims and/or failed to maintain adequate investigative procedures.

84. Great American has improperly evaluated the JG Claims and the Underlying Lawsuit.

85. Great American has deliberately made misrepresentations to avoid paying the JG Claims and the Underlying Lawsuit.

86. Great American has deliberately misrepresented its investigation records and the JG Claims to avoid payment and settlement of the Underlying Lawsuit.

87. Great American has unreasonably delayed resolving the JG Claims.

88. Great American attempted to compel the Kanakuk Defendants to contribute to settlement of the JG Claims in the Underlying Lawsuit when John Doe, J.G., had offered to settle his claims within the Policy limits.

89. Great American has used information obtained in the handling of the JG Claims and the Underlying Lawsuit in breach of its fiduciary duties to the Kanakuk Defendants.

90. As a direct and proximate result of Great Americans' breach of its fiduciary duties, the Kanakuk Defendants have been prevented from and lost the opportunity to settle and resolve the JG Claims before litigation was filed, and/or for a reasonable amount and within policy limits.

**WHEREFORE** the Kanakuk Defendants respectfully request this Court to enter Judgment in favor of the Kanakuk Defendants and against Great American in an amount in excess of $75,000.00, to be determined at trial, and including any and all amounts the Kanakuk Defendants may be held liable for in the Underlying Lawsuit, attorneys' fees, and punitive damages, and for such other relief as this Court deems just.

### COUNT III: FRAUDULENT MISREPRESENTATION

91. The Kanakuk Defendants hereby reallege and incorporate herein their allegations contained in ¶¶ 1-90.

92. Great American represented, by the statements, conduct, and actions of its agents and representatives, that it would defend and indemnify the Kanakuk Defendants regarding the JG Claims.

93. Great American's representations were false in that Great American has filed a Complaint for Declaratory Judgment requesting that Great American not be required to defend and indemnify the Kanakuk Defendants.

94. Great American knew or should have known that the representations were false.

95. Great American knew, or through a reasonable investigation could have known in 2009 all of the facts necessary for a coverage determination.

96. Great American continued to represent to the Kanakuk Defendants that it was defending and indemnifying the Kanakuk Defendants regarding the JG Clams for approximately three (3) years.

97. Great American intended for the Kanakuk Defendants to rely on its representations and allow Great American to control the negotiations, settlement, and legal proceedings for the JG Claims.

98. The Kanakuk Defendants did not know that Great American's representations were false and reasonably relied on the representations.

99. As a direct and proximate result of Great Americans' intentional, willful and reckless misrepresentations, the Kanakuk Defendants have been prevented from and lost the opportunity to settle and resolve the JG Claims before litigation was filed, and/or for a reasonable amount and within policy limits.

100. As a direct and proximate result of Great American's fraudulent misrepresentations, the Kanakuk Defendants are exposed to risk in excess of the Policy limits.

**WHEREFORE** the Kanakuk Defendants respectfully request this Court to enter Judgment in favor of the Kanakuk Defendants and against Great American in an amount in excess of $75,000.00, to be determined at trial, and including any and all amounts the Kanakuk Defendants may be held liable for in the Underlying Lawsuit, attorney's fees, and punitive damages, and for such other relief as this Court deems just.

### COUNT IV: NEGLIGENT MISREPRESENTATION

101. The Kanakuk Defendants hereby reallege and incorporate herein their allegations contained in ¶¶ 1-100.

102. Great American represented, by the statements, conduct, and actions of its agents and representatives, that it would defend and indemnify the Kanakuk Defendants regarding the JG Claims.

103. Great American's representations were false in that Great American has filed a Complaint for Declaratory Judgment requesting that Great American not be required to defend and indemnify the Kanakuk Defendants.

104. Great American failed to exercise reasonable care in making the representations.

105. Great American knew, or through a reasonable investigation could have known in 2009 all of the facts necessary for a coverage.

106. Great American continued to represent to the Kanakuk Defendants that is was defending and indemnifying the Kanakuk Defendants regarding the JG Clams for approximately three (3) years.

107. Great American intended for the Kanakuk Defendants to rely on the representations and allow Great American to control the negotiations, settlement, and legal proceedings for the JG Claims and the Underlying Lawsuit.

108. The Kanakuk Defendants did not know Great American's representations were false and reasonably relied on the representations.

109. As a direct and proximate result of Great Americans' breach of its duties, the Kanakuk Defendants have been prevented from and lost the opportunity to settle and resolve the JG Claims before litigation was filed, and/or for a reasonable amount and within policy limits.

110. As a direct and proximate result of Great American's representations, the Kanakuk Defendants are exposed to risk in excess of the Policy limits.

**WHEREFORE** the Kanakuk Defendants respectfully request this Court to enter Judgment in favor of the Kanakuk Defendants and against Great American in an amount in excess of $75,000.00, to be determined at trial, and including any and all amounts the Kanakuk Defendants may be held liable for in the Underlying Lawsuit, attorneys' fees, and for such other relief as this Court deems just.

### COUNT V: VEXATIOUS REFUSAL TO PAY INSURANCE CLAIM

111. The Kanakuk Defendants hereby reallege and incorporate herein their allegations contained in ¶¶ 1-110.

112. Great American has failed and refused to resolve, settle, and/or pay the JG Claims within the Policy Limits within 30 days of the Kanakuk Defendants' demand for said settlement.

113. Great American failed and refused to resolve, settle, and/or pay the JG Claims within Policy Limits without reasonable cause or excuse.

114. The Kanakuk Defendants are entitled to statutory damages pursuant to Mo. Rev. Stat. § 375.420, including an additional twenty percent of the first fifteen thousand dollars and ten percent of all remaining amounts the Kanakuk Defendants may be held liable for in the Underlying Lawsuit and attorney's fees.

**WHEREFORE** the Kanakuk Defendants respectfully request this Court to enter Judgment in favor of the Kanakuk Defendants and against Great American in an amount in excess of $75,000.00, to be determined at trial, and including any and all amounts the Kanakuk Defendants may be held liable for in the Underlying Lawsuit, an additional twenty percent of the first fifteen thousand dollars and ten percent of all remaining amounts the Kanakuk Defendants may be held liable for in the Underlying Lawsuitattorneys' fees, and for such other relief as this Court deems just.

The Kanakuk Defendants herby request and demand a jury trial.

HUSCH BLACKWELL LLP

*/s/ Virginia L. Fry*

| | |
|---|---|
| Virginia L. Fry | Mo Bar #28895 |
| Amber Steinbeck | Mo Bar #51511 |
| Wade M. Early | Mo Bar #59766 |

901 St. Louis Street, Suite 1800
Springfield, MO 65806
Telephone: (417) 268-4000
Facsimile: (417) 268-4040
E-mail: virginia.fry@huschblackwell.com
amber.steinbeck@huschblackwell
wade.early@huschblackwell.com
***Attorneys for Defendants Kanakuk Heritage, Inc., f/k/a Kanakuk Kamps, Inc., K-Kamps, Inc. and Kanakuk Ministries***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above and foregoing was forwarded on January 17, 2013, by First-Class Mail, Postage Prepaid, to:

Vincent F. O'Flaherty
Law Offices of Vincent F. O'Flaherty, Attorney, LLC
2 Emanuel Cleaver II Blvd., Suite 445
Kansas City, MO 64112

**Attorney for Plaintiff Great American Assurance Company**

G. Rick DiGiorgio
Jason Shamblin
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205

Michael E. Merrell
Merrell Law Firm PC
P.O. Box 1036
Forsyth, MO 65653

**Attorneys for Defendant John Doe, J.G.**

*/s/ Virginia L. Fry*
Attorney